THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. MACK MILLER, DEFENDANT-APPELLANT.

Argued March 4, 1963—Decided April 1, 1963.

*Miss June D. Strelecki* argued the cause for plaintiff-respondent (*Mr. Brendan T. Byrne,* County Prosecutor of Essex County, attorney, *Mr. C. William Caruso,* Assistant Prosecutor, of counsel, on the brief).

*Mr. Sidney M. Schreiber* argued the cause for defendant-appellant (*Messrs. Schreiber, Lancaster & Demos,* attorneys).

The opinion of the court was delivered

PER CURIAM.   Defendant appealed as a matter of right *in forma pauperis* on a constitutional question which we find unnecessary to decide, for an examination and evaluation of the entire record make it clearly and convincingly appear that the verdict of guilty was the result of mistake, partiality, prejudice or passion.   We therefore conclude that the verdict must be set aside as against the weight of the evidence.   See *R. R.* 1:5–1(a).

This conclusion is brought sharply into focus by the testimony of the complaining witness.   In particular, she admits that she had known the defendant since her early youth and had voluntarily visited him in his apartment on several occasions prior to the date when the criminal acts were allegedly committed.   On that day, she testified that she, her sister, and defendant were drinking wine on the sidewalk in front of her sister's house, located around the corner from defendant's dwelling.   When she left the group and started homeward,

defendant followed her, and, as she approached his apartment house, which was along her route, he suddenly forced her, at the point of a pocket knife, to enter his dwelling. This action transpired without a prior request by defendant and refusal by her to visit him. Nor did she make any outcry on the sidewalk to attract the attention of those who were passing by. She further testified that she preceded defendant into the kitchen of the apartment, unaccompanied by him, and remained there in conversation with a female cotenant of defendant for several minutes before defendant entered from the hallway. She failed to communicate any apprehension of defendant's acts to this woman. She made no outcry nor did she seek to flee during the full hour that defendant was allegedly forcing her to submit to three repetitive acts of intercourse alternated with three acts of perversion. Her excuse for this conduct is that although defendant did not have the knife in his hand during this performance, he had it lying close by on the bed, and she was afraid that he would inflict bodily harm upon her if she did not comply with his demands. Although defendant's female cotenant and her male companion were in the adjoining room through which she had to pass on leaving, she made no complaint to them.

Upon the entire record we find these facts to be inconsistent with the charge of rape. Accordingly, without passing on the other grounds urged by defendant, we reverse the verdict and remand for a new trial.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—None.